Colcock, J.
As to the first ground of objection to the decree in this case: It was not proved that there was no bend taken, as the brief states, but it was inferred from the circumstance that the bond could not be found. Now the court would presume that a bond was taken and has been lost or mislaid. It is always fair to presume that an officer has done. his duty, until the- contrary appears. The bond maj' have been taken, but not returned. The absconding debtor came in three days after and confessed judgement, and the magistrate may have thought that, it was therefore unnecessary to return the bond.
The second ground of objection, at first view,.seems to he more important; but on examination, it cannot prevail; for the act which authorizes constables to take property on attachment, does not say they shall not levy an attachment which is issued for more than twenty pounds, but that they shall not take more than that amount of property into their possession by Virtue of any attachment. The"words of the get are: “ Whereas the seizing of property under attachment is at present confined to sheriffs alone, be it enacted that any constable, within each and every county, may take property under attachment, provided the same does not exceed twentypounds.” (1 Brev.Dig.41.) The limitation of amount has reference to the property, and not to the attachment. This is manifest from the intention of the legislature, as well as the phraseology of the clause. The legislature, while they gave to these subordinate officers the power of taking -property under attachment, meant to guard against their *204 having in their possession too great an amount. Whefl a train-was about to abscond with forty or fifty dollars worth of property, it was conceived to be as proper that it should be seized on by a constable as by a sheriff. For, of the former there are many, and of the latter only one. The intention is also manifest from the phraseology. If the restriction had been intended to relate to the attachment, the language would have been, that constables should be permitted to levy all attachments which may be issued for sums under twenty pounds. If the restriction then applies to the amount of property, and not to the amount of the attachment, the constable did not exceed his authority, for the property taken was worth only forty dollars. But if the strict grammatical construction must prevail still the objection cannot be maintained, because the attachment may be well considered as issuing for a sum within twenty pounds. It is not necessary when one sues for a debt, that he should sue for the interest; it follows as a matter of course. The demands their of the plaintiff were on an account ‡ 51 53, and on a note ‡ 33 68, which makes ‡ 85 21 cents; which is £ 49 17 10. But if these objections were better supported, if the bond had not been taken, and the attachment had issued for a very few cents more than the twenty pounds, it is not permitted to á stranger to take these exceptions to the proceedings. These provisions of the law are intended for the benefit oí the debtors, and if they do not complain, no one else has a right to do so. Here the debtor came in a few days after the attachment issued, and confessed judgement and did not oppose the sale of the goods attached, which amounted t§ about $ 40.
OWeai and Johnston for the motion.
Baushett and Dunlap contra.
The motion is dismissed